**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Petitioner,**

v.

**Ruby Dean FEW, Respondent.**

Supreme Court of Tennessee.

Jan. 9, 1978.

Thomas M. Bottoms, Harwell, Bottoms & Plant, Lawrenceburg, for petitioner.

Wade, Forrester, Hays & Wallace, Pulaski, for respondent.

## OPINION

COOPER, Justice.

We granted certiorari in this case to review a finding by the Court of Appeals that the respondent, Ruby Few, is entitled to benefits under a disability policy issued by the petitioner, Provident Life & Accident Insurance Company.

On September 1, 1968, the petitioner issued an insurance policy to the respondent. The policy provided in part that the petitioner would pay the respondent a monthly benefit of $160.00 if the respondent became totally disabled as the result of accidental injuries. For the purposes of this provision, "total disability" was defined as:

> . . . during the first two years of any period of disability covered hereunder, inability of the Insured to perform the duties of his occupation, and thereafter, during any further period of disability . . . [the] complete inability of the Insured to engage in any gainful occupation for which he is qualified by training or experience.

After the policy had entered into force, the respondent was involved in two automobile accidents, the first in 1970 and the second in early 1972. On May 4, 1972, the respondent left her job as a bookkeeper, complaining that she could no longer work as the result of the pain caused by the injuries she sustained in those accidents. The petitioner paid total disability benefits under the terms of the policy for the period ending January 2, 1973. The respondent filed this action to recover total disability benefits from January 2, 1973, to date. The chancellor found that the respondent "is not totally disabled within the terms of the policy," and dismissed the action. On appeal, the Court of Appeals concurred in the chancellor's implicit finding that the respondent was not totally disabled on or after December 17, 1975. However, the court below also found that the evidence established that the respondent was disabled from January 2, 1973, until December 17, 1975, and gave judgment to her in the amount of the benefits owed her under the policy for that period, together with interest of eight percent on each payment computed from the date on which it became due. The petitioner has asked that this court reinstate the chancellor's judgment.

The finding of the two courts below that the respondent was not disabled at any time on or after December 17, 1975, is supported by the testimony of two physicians who examined the respondent at the request of

the petitioner, and is not questioned before this court.

■ The material issue presented is whether the evidence shows that the respondent was disabled within the terms of the policy for the period from January 3, 1973, until December 17, 1975. On this question, the courts below differed. Where the chancellor and the Court of Appeals differ on a finding of fact based in part upon oral testimony, this court reviews the evidence de novo, with a presumption that the determination of the chancellor is correct unless the evidence preponderates against it. *Lanius v. Donnell*, 222 Tenn. 58, 432 S.W.2d 659 (1968). Applying this standard, we find that the evidence preponderates in favor of the finding of the Court of Appeals that the respondent was totally disabled from January 2, 1973, until December 17, 1975.

The substance of the respondent's testimony, and that of other lay witnesses, was that the respondent's condition has shown no improvement since the 1972 accident, and that she was and is totally disabled. The medical evidence of the respondent's condition during the period from January 2, 1973, until December 17, 1975, consists of the testimony or reports of three doctors. Dr. William Sims, an orthopedic specialist, submitted a report to the petitioner, dated January 2, 1973, in which he indicated that the respondent was totally disabled, and that her disability would continue for an indeterminate period. Dr. Ralph Morrow, a chiropractor, was first consulted by the respondent in May, 1972, soon after her accident, and treated her on numerous occasions thereafter. According to the reports that he submitted to the petitioner and his testimony taken by deposition on October 22, 1975, the respondent was totally disabled throughout this period and showed no immediate prospects for improvement. Dr. John Black, an orthopedic surgeon, examined the respondent on January 21 and August 5, 1975. It was the opinion of Dr. Black that, on the dates of his examinations, the condition of the respondent was such as to "completely [prevent] her from returning to any type of gainful employment."

There is no credible direct evidence in the record to rebut the testimony of these three doctors that the respondent was totally disabled from some time prior to January 2, 1973, until some time after October 22, 1975. The physicians who, at the request of the petitioner, examined the respondent on December 17, 1975, and July 8, 1976, respectively, reported that the respondent was not totally disabled. However, their testimony is only evidence of the respondent's condition on and after the dates of their respective examinations. Neither ventured an opinion as to whether or not the respondent was disabled at any time prior to the date on which he examined her. The petitioner urges that the testimony of the respondent and other lay witnesses to the effect that the respondent suffered from the same degree of disability at the date of trial as at any time after her accident, coupled with the medical testimony that the respondent was not disabled on or after December 17, 1975, implies that the respondent was not disabled prior to that date. Even assuming that such an inference is reasonable, lay testimony, even that of the respondent herself, concerning the respondent's condition and how that condition has or has not changed is hardly convincing in view of the clear medical evidence to the contrary.

■ The petitioner also insists that the Court of Appeals erred in allowing the respondent interest of eight percent on the unpaid benefits, in that the award of interest amounts to a penalty. This award is not a penalty. The respondent is entitled to interest at the legal rate on the liquidated obligation of the insurance company. T.C.A. § 47–14–104; T.C.A. § 47–14–107. *See Loftis v. Stuyvesant Insurance Company*, 54 Tenn.App. 371, 390 S.W.2d 722 (1964). However, the legal rate of interest is six percent on the benefit payments to which the respondent has been found to be entitled, computed from the date on which each became due until the date of judgment. Interest on the judgment remains at eight percent. T.C.A. § 47–14–101.

The judgment of the Court of Appeals, as modified, is affirmed. The costs will be taxed to the petitioner.

HENRY, C. J., BROCK and HARBISON, JJ., and DAUGHTREY, Special J., concur.