# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

August 12, 1998

Cecil W. Crowson
Appellate Court Clerk

FREDDY TIPTON,                    )
                                 )
        Plaintiff/Appellee,      )
                                 )     Appeal No.
                                 )     01-A-01-9707-CH-00363
VS.                              )
                                 )     Fentress Chancery
                                 )     No. 92-121
ROBERT BURR, Individually and    )
BLUE RIDGE DRILLING AND          )
OPERATING COMPANY, INC.,         )
                                 )
        Defendants/Appellants.   )


APPEALED FROM THE CHANCERY COURT OF FENTRESS COUNTY
AT JAMESTOWN, TENNESSEE

THE HONORABLE BILLY JOE WHITE, CHANCELLOR



MICHAEL A. WALKER
P. O. Box 1780
Jamestown, Tennessee 38556
        Attorney for Plaintiff/Appellee

RANDALL A. YORK
P. O. Box 3549
Crossville, Tennessee 38557-3549
        Attorney for Defendants/Appellants



AFFIRMED AS MODIFIED
AND REMANDED



BEN H. CANTRELL, JUDGE


CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

The Chancery Court of Fentress County found that the defendant Robert Burr, individually and/or as president of Blue Ridge Drilling and Operating Company, agreed to purchase Freddy Tipton's interest in a drilling rig for $50,000. The court gave the defendant credit for a partial payment of $5,000 and rendered judgment for $45,000 plus prejudgment interest from October 14, 1992. On appeal, Mr. Burr contends that the parties never had a meeting of the minds, that Mr. Tipton did not have an interest in the drilling rig, that the claim is barred by the statute of frauds, that the claim cannot be asserted against him individually, and that the court erred in awarding prejudgment interest. We modify the dates on which prejudgment interest began to accrue. In all other respects we affirm.

## I.

The chancery court's judgment recites the following:

[T]his court finds that the allegations in the Complaint are true and that the Plaintiff had a binding contract with the Defendant individually and/or in his corporate capacity as President of Blue Ridge Drilling and Operating Company, Inc., and that the Plaintiff had fully completed his portion of the contract and the Defendant having made partial performance by paying Plaintiff $5,000.00 of the $50,000.00 dollar agreed upon purchase price for Plaintiff's equity interest and other personal property and that the Defendant(s) shall pay the remaining $45,000.00 dollars due and owing to the Plaintiff and pre-judgment interest in the amount of 10% per annum from October 14, 1992 . . . .

The appellants' first three issues attack the court's findings (1) that Mr. Tipton had an interest in the drilling rig and (2) that he struck a deal with Mr. Burr to sell that interest for $50,000.

We find, however, that the record fully supports the chancellor's findings. Mr. Tipton testified that he and Freddy Allred bought the equipment together to engage in contract drilling in Alabama. The title was placed in the name of Mr. Allred and his wife, d/b/a Rainbow Rentals, but Mr. Tipton signed the note financing the equipment. Mr. Tipton had the drilling contracts in Alabama through his corporation, Tennessee Valley Drilling and Completion, and he took the equipment to Alabama to fulfill those contracts. He wired the proceeds to his bank in Jamestown and gave Mr. Allred the right to draw out of that account.

When the Alabama contracts ran out Mr. Tipton moved the rig back to Jamestown where he stored the equipment. Mr. Allred ceased paying the finance company and Mr. Tipton filed suit in Fentress County for an accounting and to have the court declare his interest in the rig. He also found a potential buyer in Mr. Burr. He testified that Mr. Burr agreed to pay him $50,000 for his interest in the rig and some other equipment that belonged to Mr. Tipton personally.

On October 14, 1992 Mr. Burr caused Blue Ridge Drilling, a corporation which he served as president, to pay $5,000 to Mr. Tipton personally and $10,000 to Mr. Tipton to be placed in escrow pending completion of the sale. Blue Ridge Drilling took control of the equipment, refinanced it, and assumed all ownership rights. Mr. Allred executed the sale agreement on behalf of Rainbow Rentals.

Mr. Burr denied Mr. Tipton's version of the agreement. He testified that he bought the rig from Mr. Allred by assuming the unpaid balance to the finance company.

Unfortunately for Mr. Burr there are two strikes against him on appeal. The first is Rule 13(d), Tenn. R. App. Proc. which raises a presumption that the chancellor's findings of fact are correct unless the evidence preponderates against

them. The second is the rule we have consistently applied with respect to the trial court's determination of witness credibility. When the trial judge chooses to believe one witness over another that determination is binding on the appellate courts unless other real evidence compels a contrary conclusion. *State ex rel. Bolsinger v. Town of Madisonville*, 435 S.W.2d 803 (Tenn. 1968).

In his oral findings from the bench, the chancellor found that Mr. Tipton had an equitable interest in the drilling rig and that interest plus Mr. Tipton's other equipment was the subject of the agreement with Mr. Burr. We cannot find that the evidence preponderates against the chancellor's findings.

## III.

Mr. Burr also raises the statute of frauds as a defense. It is true that the agreement with Mr. Tipton was oral and that Tenn. Code Ann. § 47-2-201 requires contracts for the sale of goods for more than $500 to be in writing. But subsection (3)(c) of that statute makes an oral contract enforceable when the goods have been received and accepted by the buyer. As we have seen, Mr. Burr's company took the goods and assumed all control over them. Mr. Burr testified at the trial that his company had paid off the remaining balance owed to the finance company. Therefore, the statute of frauds is not a defense to this contract.

## IV.

Mr. Burr also asserts that the judgment should be modified to run against the corporation only. We are satisfied, however, that Mr. Tipton's agreement was with Mr. Burr individually. Mr. Tipton's testimony concerned his negotiations with Mr. Burr. The corporation did not surface until the checks were drawn in October of 1992. The deal had already been struck by then. Mr. Tipton also testified that he

insisted on Mr. Burr's personal obligation if the sale was to be financed because he was afraid to accept a corporate obligation.

**V.**

The chancellor gave a judgment for prejudgment interest from October 14, 1992. Mr. Burr asserts that the chancellor erred in allowing prejudgment interest in any amount.

According to Tenn. Code Ann. § 47-14-123 prejudgment interest may be awarded as an element of damages, according to principles of equity. The award is within the discretion of the trial court. *Otis v. Cambridge Mutual Fire Ins. Co.*, 850 S.W.2d 439 (Tenn. 1992). Prejudgment interest is proper on liquidated accounts, *Farmers Chem. Assn. v. Maryland Cas. Co.*, 421 F.2d 319 (6th Cir. 1970), and may be computed from the date the payments become due. *Provident Life & Accident Ins. Co. v. Few*, 560 S.W.2d 407 (Tenn. 1978).

We are satisfied the chancellor acted within his discretion in allowing prejudgment interest. We think, however, the dates it began to accrue should be changed to the dates when the proof shows the remaining $45,000 was to be paid. Mr. Tipton testified that the balance was to be paid in two installments, one forty-five days after closing and the other thirty days after that. Those dates correspond roughly to December 16, 1992 and January 15, 1993. Therefore prejudgment interest should be calculated on $22,500 from December 16, 1992 to January 15, 1993 and on $45,000 thereafter until the date of the judgment below.

The date prejudgment interest began to accrue is modified as indicated herein. In all other respects the judgment is affirmed. Remand the cause to the

Chancery Court of Fentress County for further proceedings. Tax the costs on appeal to the appellants.

- 6 -

_____

BEN H. CANTRELL, JUDGE

CONCUR:

_____

WILLIAM C. KOCH, JR., JUDGE

_____

WILLIAM B. CAIN, JUDGE